UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

IN RE: AIR CRASH AT BELLE HARBOR,       02 Civ. 0439 (RWS)
NEW YORK ON NOVEMBER 12, 2001      M.D.L. No. 1448 (RWS)

This Document
Relates To: All Actions

------------------------------------------------------------------x

## DEFENDANT AIRBUS'S MOTION TO COMPEL AGAINST JEFFREY W. GOLAN

Under Rules 37 and 45 of the Federal Rules of Civil Procedure, as well as the prior discovery rulings of this Court, Defendant Airbus Industrie G.I.E. ("Airbus") files this Motion to Compel Against Jeffrey W. Golan ("Golan"). As Airbus explains in the accompanying Memorandum of Points and Authorities, none of the privileges asserted in Golan's Amended Objections apply to the documents and information in his possession. The additional General Objections based on relevance and undue burden are also unsustainable. Furthermore, under well-established case law, Golan's submission of a description of different categories of responsive but withheld documents, rather than a privilege log—which does not include such basic information as the date on which responsive documents were created as well as the subject matter of the documents in question—constitutes a waiver of the claimed privileges. Finally, Golan's responses to Airbus's individual document requests are also unavailing and in many instances show the unsustainable nature of the privilege claims.

Airbus is entitled to the documents and information requested in its discovery to Golan. Airbus is also entitled to take Golan's deposition. Indeed, as Airbus explains in the accompanying Memorandum, many of Golan's objections are based on arguments that this Court rejected more than 3 years ago. Namely, the Court rejected objections to discovery requests relating to information and documents that originated with American Airlines and that were

\\DC - 027627/000006 - 2416167 v2

obtained outside of discovery by way of various third parties. The Court also reasoned that its ruling in this regard would apply to future discovery disputes. Consequently, Airbus documents that are in Golan's possession are discoverable and Golan should be ordered to comply with Airbus's subpoena and document requests.

Respectfully submitted,

By: _____/s/_____
Thad T. Dameris (TD 4593)
Bruce D. Oakley (BO 9109)
Trevor R. Jefferies (TJ 9784)
HOGAN & HARTSON LLP
Pennzoil Place
711 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: 713.632.1410
Facsimile: 713.583.6297

George F. Hritz (GH 9313)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Telephone: 212.918.3000
Facsimile: 212.918.3100

David J. Weiner (DW 4934)
HOGAN & HARTSON LLP
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone: 202.637.5600
Facsimile: 202.637.5910

**ATTORNEYS FOR DEFENDANT
AIRBUS INDUSTRIE G.I.E.**

\\\DC - 027627/000006 - 2416167 v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2007, the above-entitled pleading was served via facsimile upon the parties listed below:

Steven R. Pounian
Robert Spragg
Kreindler & Kreindler
100 Park Avenue
New York, New York 10017

Desmond T. Barry
Christopher R. Christensen
Condon & Forsyth, LLP
7 Times Square
New York, New York 10036

Jeffrey W. Golan
*Pro se*
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

/s/
Thad T. Dameris

\\\DC - 027627/000006 - 2416167 v2