# Index of Exhibits

| | Exh. Number |
|---|:---:|
| Plaintiff's Executive Committee's Privilege Log | 1 |
| Airbus Subpoena to Jeffrey W. Golan | 2 |
| Golan's Objections to Airbus's Subpoena (Nov. 21, 2006) | 3 |
| Golan's Amended Objections to Airbus's Subpoena (Nov. 30, 2006) | 4 |
| American Airlines' Response to Airbus Industrie G.I.E.'s Second Request for Production | 5 |

# EXHIBIT 1



**KREINDLER & KREINDLER** LLP

Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Blanca I. Rodriguez
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Andrew J. Maloney, III
Daniel O. Rose
Gretchen M. Nelson*
Stuart R. Fraenkel*
——————
Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
Mark I. Labaton*
   Counsel

100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

March 9, 2006

Susan A. Friery, M.D.♦
Brendan S. Maher
Susan D. Bainnson
Vincent I. Parrett
William O. Angelley
Michael R. Sherwin*
Hilary B. Taylor°

——————
California Office
707 Wilshire Boulevard
Suite 5070
Los Angeles, CA 90017-3613
(213) 622-6469
Fax: (213) 622-6019

——————
*Admitted in CA only
♦Admitted in MA & DC only
*Admitted in OH only
°Admitted in CA & LA only

**VIA ELECTRONIC MAIL**
**AND FEDERAL EXPRESS**

Thad T. Dameris, Esq.
Pillsbury Winthrop Shaw Pittman LLP
2 Houston Center
909 Fannin, 22nd Floor
Houston, TX  77010

Re:     In Re: Air Crash of Belle Harbor, New York on November 12, 2001
         MDL 1448; 02-MD-1448 (RWS)

Dear Thad:

         Further to our response to Airbus' request for production, enclosed please find the
privilege log.

                  Respectfully,

                  Plaintiffs' Executive Committee

                  By:     Steven R. Pounian, Chairman

                                                              by ДxR

SRP:rp
Enclosure
cc:     Desmond T. Barry, Esq. (by e-mail and Federal Express)
         Condon &Forsyth, LLP

**KREINDLER & KREINDLER LLP**

**PRIVILEGE LOG**

**American Airlines Flight 587**

| DOC # | DOC TYPE | DATE | AUTHOR | RECIPIENT | COPYEE | SUBJECT | PGS | PRIV |
|-------|----------|------|--------|-----------|--------|---------|-----|------|
| 1 | Memo | 1/21/03 | J. Golan | S. Pounian | --- | Confidential communication prepared by counsel discussing A300 tail certification issues relevant to Flight 587 investigation and litigation to assist counsel in developing legal strategy. | 5 | AC, WP |
| 2 | Memo | 7/30/03 | J. Golan | N/A | --- | Confidential communication prepared by counsel discussing A300 tail certification issues relevant to Flight 587 investigation and litigation to assist counsel in developing legal strategy. | 4 | AC, WP |
| 3 | Memo | 9/8/03 | J. Golan | S. Pounian | --- | Confidential communication prepared by counsel discussing A300 tail certification issues relevant to Flight 587 investigation and litigation to assist counsel in developing legal strategy. | 3 | AC, WP |

# EXHIBIT 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

<div align="center">

### Issued by the
# UNITED STATES DISTRICT COURT

</div>

_____SOUTHERN_____    DISTRICT OF    _____NEW YORK_____

| | |
|---|---|
| IN RE: AIR CRASH AT BELLE HARBOR,<br>NEW YORK ON NOVEMBER 12, 2001<br><br><div align="center">**V.**</div> | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: [1]   MDL No. 1448 (RWS) |

TO:    Jeffrey W. Golan,
        3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA  19103

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| HOGAN & HARTSON, LLP, 1835 Market Street, 28th Floor, Philadelphia, PA  19103 | Dec. 4, 2006, 9:00 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit 1, attached

| PLACE | DATE AND TIME |
|---|---|
| HOGAN & HARTSON, LLP, 1835 Market Street, 28th Floor, Philadelphia, PA  19103 | Dec. 1, 2006, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   _Atty for Defendant Airbus_ | DATE   _11/1/06_ |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Trevor R. Jefferies
Hogan & Hartson, LLP, Pennzoil Place, 711 Louisiana, Ste. 2100, Houston, TX  77002 (713) 632.1415

<div align="center">(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)</div>

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

IN RE: AIR CRASH AT BELLE HARBOR,  02-MDL No. 1448 (RWS)
NEW YORK ON NOVEMBER 12, 2001  MDL No. 1448 (RWS)

            This Document Relates to:
            All Actions

------------------------------------------------------------ X

### Exhibit 1 – Documents to be Produced

  You are required to produce the following documents according to Rules 34 and 45 of the Federal Rules of Civil Procedure.  These requests incorporate the Uniform Definitions in Discovery Requests as specified in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

1. All documents concerning the above captioned litigation (hereafter "American Airlines Flight 587 litigation");

2. All documents concerning the 12 November 2001 crash of an American Airlines A-300, designated as AAL Flight 587;

3. All documents concerning the Airbus A-300 B4-605R;

4. All documents concerning the Airbus A-300 F4-605R;

5. All documents concerning or relating to the certification of and continuous turbulence load calculations for the Airbus A-300 B4-605R and A-300 F4-605R (FedEx Model);

6. All documents concerning plaintiffs or any plaintiff's counsel in the American Airlines Flight 587 litigation;

7. All fee agreements, engagement letters or contracts with anyone concerning the American Airlines Flight 587 litigation or Airbus;

8.  All expert reports you have ever prepared concerning the American Airlines Flight 587 litigation, including copies sufficient to show all recipients of those reports;

9.  All documents sufficient to show all cases in which you have been retained by any attorney on the Plaintiffs' Executive Committee, including but not limited to Steven Pounian, Kenneth P. Nolan, Michel F. Baumeister, Nicholas Gilman, Donald J. Nolan, Floyd A. Wisner, Jonathan C. Reiter, Richard F. Schaden, or John Howie;

10. All documents you have provided to any person concerning the American Airlines Flight 587 litigation, including but not limited to the FBI, CIA, NTSB, FAA and the U.S. Department of Justice;

11. All documents concerning or reflecting in any way communication with any current or former employee of Airbus, its affiliates, subsidiaries, parent companies or related companies.

12. All documents received from any current or former employee of Airbus, its affiliates, subsidiaries, parent companies or related companies.

13. All documents that reflect telephone numbers, email addresses, or other contact details for any current or former employee of Airbus, its affiliates, subsidiaries, parent companies or related companies.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X

IN RE: AIR CRASH AT BELLE HARBOR,        02-MDL No. 1448 (RWS)
NEW YORK ON NOVEMBER 12, 2001        MDL No. 1448 (RWS)

                                                This Document Relates to:
                                                All Actions

--------------------------------------------------------- X

### AIRBUS INDUSTRIE G.I.E.'S NOTICE OF DEPOSITION

TO:   Jeffrey W. Golan, 3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA
      19103

      PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure, Defendant Airbus Industrie G.I.E. will take the videotaped deposition upon oral

examination of Jeffrey W. Golan on 4 December 2006, starting each morning at 9:00 a.m., at the

offices of Hogan & Hartson, 1835 Market Street, 28th Floor, Philadelphia, PA 19103. Pursuant

to Rules 34 and 45 of the Federal Rules of Civil Procedure, the witness is also required to

produce the documents described on Exhibit 1 to the attached subpoena compelling attendance.

      The videotaped deposition will be conducted before a Notary Public or officer authorized

to take depositions and will continue day to day until completed.  The parties are invited to

attend and examine the witness.

Dated:  1 November 2006
        Houston, Texas

Respectfully submitted,

By: _____

Thad T. Dameris (TD 4593)
Trevor R. Jefferies (TJ 9784)
HOGAN & HARTSON LLP
Pennzoil Place
711 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: 713.632.1410
Facsimile: 713.583.6297

**ATTORNEYS FOR DEFENDANT**
**AIRBUS INDUSTRIE G.I.E.**

OF COUNSEL:

George F. Hritz (GH 9313)
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Telephone: 212.918.3517
Facsimile: 212.918.3100

**ATTORNEY FOR DEFENDANT**
**AIRBUS INDUSTRIE G.I.E.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2006, Airbus Industrie G.I.E.'s Notice of Deposition was served via facsimile upon all parties as listed on Attachment A hereto.

_____
Trevor R. Jefferies

2

\\\DE - 027627/000006 - 301519 v1

# ATTACHMENT A

## SERVICE LIST

### DEFENSE COUNSEL

Desmond T. Barry
Christopher R. Christensen
Condon & Forsyth, LLP
7 Times Square
New York, New York 10036

Alan D. Reitzfeld
Randal R. Craft, Jr.
David J. Harrington
Holland & Knight, LLP
195 Broadway
New York, New York  10007-3189

3

## ATTACHMENT A [*cont'd*]

### PLAINTIFFS' LIAISON COUNSEL

Blanca I. Rodriguez+
Kreindler & Kreindler
100 Park Avenue, 18th Floor
New York, New York  10017

### PLAINTIFFS' EXECUTIVE COMMITTEE

Steven R. Pounian
Robert Spragg
Kreindler & Kreindler
100 Park Avenue
New York, New York  10017

Kenneth P. Nolan
Speiser, Krause, Nolan & Granito
Two Grand Central Tower
140 East 45th Street
New York, New York  10017

Michel F. Baumeister
Douglas A. Latto
Baumeister & Samuels, PC
One Exchange Plaza, 15th Floor
New York, New York  10006

Nicholas Gilman
Gilman & Associates
600 Pennsylvania Avenue SE
Washington, D.C.  20003

Donald J. Nolan
Nolan Law Group
20 North Clark Street, 30th Floor
Chicago, Illinois  60602

Jonathan C. Reiter
The Law Firm of Broder & Reiter
350 Fifth Avenue, Suite 2811
New York, New York  10118

Richard F. Schaden
Schaden Katzman Lampert & McClune
9596 Jeffco Airport Avenue, Unit A
Broomfield, Colorado  80021-27

4

Message Confirmation Report                    NOV-01-2006 08:22 PM WED

WorkCentre M20 Series
Machine ID            :
Serial Number         :    RYU285690.......
Fax Number            :

Name/Number     :   912123631346#9256
Page            :   14
Start Time      :   NOV-01-2006 08:20PM WED
Elapsed Time    :   01'38"
Mode            :   STD ECM
Results         :           O.K

---

# HOGAN & HARTSON

Hogan & Hartson LLP
Pennzoil Place
711 Louisiana Street
Suite 2100
Houston, TX 77002
+1.713.632.1400 Tel
+1.713.632.1401 Fax

www.hhlaw.com

## TELECOPY/FACSIMILE

| To: | Company: | Fax Number: | Tel Number: |
|---|---|---|---|
| Desmond T. Barry, Jr. | Condon & Forsyth LLP | 212.894.6771 | 212.894.6770 |
| Christopher R. Christensen | Condon & Forsyth LLP | 212.894.6721 | 212.894.6720 |
| Alan Reitzfield | | | |
| David J. Harrington | Holland & Knight LLP | 212.385.9010 | 212.513.3400 |
| Randal R. Craft, Jr. | | | |
| Bianca I. Rodriguez | Kreindler & Kreindler | 212.972.9432 | 212.973.3477 |
| Steven R. Pounian | | | |
| Robert Spragg | | | |
| Kenneth P. Nolan | Speiser Krause Nolan & Granito | 212. 953-6483 | 212. 661-0011 |
| Michel F. Baumeister | Baumeister & Samuels, PC | 212. 363-1346 | 212. 363-1200 |
| Douglas A. Latto | | | |
| Nicholas Gilman | Gilman & Associates | 202. 547-8944 | 202. 547-9080 |
| Donald J. Nolan | Nolan Law Group | 312.630.4011 | 312.630.4000 |
| Jonathan C. Reiter | The Law Firm of Broder & Reiter | 212. 268-5297 | 212. 244-2000 |
| Richard F. Schaden | Schaden Katzman Lampert & McClune | 303. 465-3884 | 303. 465-3663 |

| From: | Trevor R. Jefferies | For internal purposes only: | |
|---|---|---|---|
| Date: | November 1, 2006 | Client number: | 27627.000006 |
| Time: | | Attorney billing number: | |
| Total number of pages incl. cover page: | 14 | Confirmation number: | |

*The attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.*

**MESSAGE:** (1) Golan Subpoena and Notice of Deposition; and (2) Notice of Deposition Captain Tom McBroom and Captain John LaVelle

Re:     02-MD-1448 (RWS); MDL No. 1448 (RWS); *In Re Air Crash at Belle Harbor, New York, on November 12, 2001*; In the United States District Court for the Southern District of New York

Baltimore  Beijing  Berlin  Boulder  Brussels  Budapest  Caracas  Colorado Springs  Geneva  Losanne  Hong Kong  London  Los Angeles
Miami  Moscow  Munich  New York  Northern Virginia  Paris  Shanghai  Tokyo  Warsaw  Washington, D.C.

\\DE - 027623900006s - 261647 v1

Multi Communication Report                    NOV-01-2006 08:04 PM WED

```
WorkCentre M20 Series
Machine ID          :
Serial Number       :  RYU285690.......
Fax Number          :

Ref. Name           :
Pages               :  14
```

1. Successful

| Fax Number | Name |
|------------|------|
| 912128946771#4345 | |
| 912128946721#4345 | |
| 912123859010#4345 | |
| 912129729432#4345 | |
| 912129536483#4345 | |
| 912025478944#4345 | |
| 913126304011#4345 | |
| 912122685297#4345 | |
| 913034653884#4345 | |

2. Unsuccessful

| Fax Number | Name |
|------------|------|

3. Multi Communication Journal

| No. | Name/Number | Start Time | Time | Mode | Page | Results |
|-----|-------------|------------|------|------|------|---------|
| 211 | 912128946771#4345 | 11-01 07:28PM | 01'48" | BCM BC | 014/014 | O.K |
| 211 | 912128946721#4345 | 11-01 07:30PM | 01'44" | BCM BC | 014/014 | O.K |
| 211 | 912123859010#4345 | 11-01 07:32PM | 02'14" | BCM BC | 014/014 | O.K |
| 211 | 912129729432#4345 | 11-01 07:35PM | 01'46" | BCM BC | 014/014 | O.K |
| 211 | 912129536483#4345 | 11-01 07:38PM | 05'28" | BCM BC | 014/014 | O.K |
| 211 | 912025478944#4345 | 11-01 07:44PM | 02'56" | BCM BC | 014/014 | O.K |
| 211 | 913126304011#4345 | 11-01 07:48PM | 01'44" | BCM BC | 014/014 | O.K |
| 211 | 912122685297#4345 | 11-01 07:50PM | 02'06" | BCM BC | 014/014 | O.K |
| 211 | 913034653884#4345 | 11-01 07:53PM | 10'40" | BCM BC | 014/014 | O.K |

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: AIR CRASH AT BELLE HARBOR, | : | 02-MDL No. 1448 (RWS) |
| NEW YORK ON NOVEMBER 12, 2001 | : | MDL No. 1448 (RWS) |
| | : | |
| | : | This Document Relates To: |
| | : | All Actions |
| | : | |
| | : | |

## OBJECTIONS OF JEFFREY W. GOLAN
## TO SUBPOENA IN A CIVIL CASE

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and an agreement with counsel for Airbus as to the time and method by which objections would be served, Jeffrey W. Golan hereby objects to the Subpoena issued by counsel for Defendant Airbus Industrie G.I.E. ("Airbus"), dated November 1, 2006 (the "Subpoena"), on the following grounds:

### General Objections

1.    The Subpoena, seeking documents and testimony, calls for the production of materials and information protected by the attorney-client privilege.

2.    The Subpoena, seeking documents and testimony, calls for the production of materials and information protected by application of the attorney work product doctrine.

3.    The subpoena, seeking documents and testimony, calls for the production of materials and information not relevant to the claims or defenses in the present litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4.      The Subpoena, seeking documents and testimony, was issued for an improper purpose, is overly broad, unduly burdensome, and harassing.

5.      The Subpoena, seeking documents and testimony, seeks information protected by the privileges applicable to journalists and reporters under the Constitutions and/or laws of the United States, New York, Pennsylvania, and the European countries where Airbus does business.

6.      The Subpoena seeks to end-run the plaintiffs' designation of privileged documents or work product.

7.      The Subpoena is further objectionable because it calls for Mr. Golan's testimony to be given at a deposition on December 4, 2006, which is a date when Mr. Golan has other professional commitments.

### Response to Document Requests

See general objections.  Mr. Golan further objects to the "Exhibit 1 – Documents to be Produced" to the Subpoena in its entirety, and will not produce any documents, or allow any inspection of documents, absent a final Court order requiring the production of any of the requested documents.  In addition, he objects to the specific document requests, as follows:

### Response to Document Request No. 1:

See general objections.  Airbus, a party to the litigation, is in possession of all documents concerning the litigation.  The documents filed with the Court are matters of public record, and requiring Mr. Golan's production of any such documents is, therefore, for an improper purpose, overly broad, unduly burdensome and harassing.

**Response to Document Request No. 2:**

See general objections.  Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning the crash of American Airlines Flight 587, including documents pertaining to certifications of the A-300 and its related aircraft.  Requiring Mr. Golan's production of any such documents is, therefore, for an improper purpose, overly broad, unduly burdensome and harassing.

**Response to Document Request No. 3:**

See general objections.  Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning the Airbus A-300 B4-605R.  Requiring Mr. Golan's production of any such documents is, therefore, for an improper purpose, overly broad, unduly burdensome and harassing.

**Response to Document Request No. 4:**

See general objections.  Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning the Airbus A-300 F4-605R.  Requiring Mr. Golan's production of any such documents is, therefore, for an improper purpose, overly broad, unduly burdensome and harassing.

**Response to Document Request No. 5:**

See general objections.  Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning or relating to the certification of and continuous turbulence load calculations for the Airbus A-300 B4-605R and A-300 F4-605R (FedEx Model).  Indeed, upon information and belief, among other documents, such documents were gathered from the files of Airbus,

in Hamburg, Germany, and transported to Airbus, in Toulouse, France, where they could

be reviewed by Airbus management, its in-house counsel and its outside counsel. Such

documents existed at the time of the crash of American Airlines Flight 587, and further

existed at the time they were shipped from Germany to France. To the extent Airbus'

counsel has not maintained, and produced in this litigation, those documents, that would

constitute a complete breach of Airbus' discovery obligations and counsel's ethical

obligations, which we are sure that Airbus' counsel would not countenance. As a result,

the document request seeking these documents from a non-party has been issued for an

improper purpose, and is unduly burdensome, overly broad and harassing.

**Response to Document Request No. 6:**

     See general objections.

**Response to Document Request No. 7:**

     See general objections.

**Response to Document Request No. 8:**

     See general objections.

**Response to Document Request No. 9:**

     See general objections.

**Response to Document Request No. 10:**

     See general objections. Further, the document request is objectionable as seeking

documents that may or may not have been provided for investigations that may or may

not have been conducted by the FBI, CIA, NTSB, FAA and the U.S. Department of

Justice. Moreover, Airbus, a party to the litigation and the manufacturer of the aircraft at

4

issue in this litigation, is in possession of all documents concerning the aircraft at issue in this litigation and the crash of American Airlines Flight 587.

**Response to Document Request No. 11:**

  See general objections. Further, the document request is objectionable because Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, has had the opportunity to interview and/or depose current or former employees of Airbus, its affiliates, subsidiaries, parent companies or related companies.

**Response to Document Request No. 12:**

  See general objections. Further, the document request is objectionable because Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, has had the opportunity to obtain and review all documents of Airbus, its affiliates, subsidiaries, parent companies or related companies.

**Response to Document Request No. 13:**

  See general objections. Further, the document request is objectionable because Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, has had the opportunity to obtain telephone numbers, email addresses, or other

contact details for any and all current or former employees of Airbus, its affiliates,

subsidiaries, parent companies or related companies.

Carl A. Solano
Jennifer DuFault James
**Schnader Harrison Segal & Lewis LLP**
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
Tel: (215) 751-2202

Attorneys for Jeffrey W. Golan

Dated:  November 21, 2006

6

## CERTIFICATE OF SERVICE

I, Jennifer DuFault James, hereby certify that on this 21st day of November, 2006,

I caused a copy of the foregoing Objections of Jeffrey W. Golan to Subpoena in a Civil

Case to be served, by e-mail transmission, on counsel as follows:

Trevor R. Jefferies
**Hogan & Hartson LLP**
Pennzoil Place
711 Louisiana Street, Suite 2100
Houston, Texas 77002
Email:  trjefferies@hhlaw.com

Attorneys for Airbus Industrie G.I.E.

Desmond T. Barry, Jr.
**Condon & Forsyth LLP**
7 Times Square
New York, NY  10036
Email:  dbarry@condonlaw.com

Attorneys for American Airlines, Inc.

Steven R. Pounian
**Kreindler & Kreindler LLP**
100 Park Avenue
New York, NY  10017
Email:  spounian@kreindler.com

Chair of the Plaintiffs' Executive
Committee

Jennifer DuFault James

# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: AIR CRASH AT BELLE HARBOR, | : | 02-MDL No. 1448 (RWS) |
| NEW YORK ON NOVEMBER 12, 2001 | : | MDL No. 1448 (RWS) |
| | : | |
| | : | This Document Relates To: |
| | : | All Actions |
| | : | |

## AMENDED OBJECTIONS OF JEFFREY W. GOLAN
## TO SUBPOENA IN A CIVIL CASE

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and Local Rule 26 of this Court, Jeffrey W. Golan submits this set of Amended Objections (the "Objections") to the Subpoena issued by counsel for Defendant Airbus Industrie G.I.E. ("Airbus"), dated November 1, 2006 (the "Subpoena"). The Objections amend and supersede the objections served on November 21, 2006.

### General Objections

1.     The Subpoena, seeking documents and testimony, calls for the production of materials protected by the attorney-client privilege.

2.     The Subpoena, seeking documents and testimony, calls for the production of materials protected by application of the attorney work product doctrine.

3.     The Subpoena, seeking documents and testimony, was issued for an improper purpose, is overly broad, unduly burdensome and harassing.

4.     The Subpoena, seeking documents and testimony, seeks information protected by the privilege applicable to journalists and reporters under the Constitutions and/or laws of New York, Pennsylvania and the European countries where Airbus does business.

1

5.    The Subpoena seeks to end-run the plaintiffs' designation of privileged documents.

6.    The Subpoena is further objectionable because it calls for Mr. Golan's testimony to be given at a deposition on December 4, 2006, which is a date when Mr. Golan has other professional commitments.

**Basis of the General Objections**

Mr. Golan has become aware of information as a result of his service as counsel to a journalist in Europe, where Airbus is located and conducts business.  As such, Mr. Golan's knowledge of information that may be relevant to this case has been gained through communications with his client, and other investigations and services that Mr. Golan has performed for his client.  To the extent that Mr. Golan shared certain information with counsel for plaintiffs in this case, that was done (a) in anticipation of potential litigation being brought by Mr. Golan; (b) to assist Mr. Golan's client in the pursuit of an eventual investigative publication by the client; and (c) with the consent of Mr. Golan's client, to assist in the prosecution of the litigation by the Plaintiffs' Executive Committee.  Thus, all of the information that Mr. Golan has gained, and all documents in his possession, are protected from compelled disclosure under the privilege accorded to attorney-client communications, application of the work product doctrine, and the privilege applicable to journalists and reporters under the Constitutions and/or laws of New York, Pennsylvania and the European countries where Airbus does business, as stated in the General Objections.

Further, as identified above, as well as in response to certain of the Specific Objections to the Document Requests below, the Subpoena was issued for an improper

purpose, is overly broad, unduly burdensome and harassing, and seeks to end-run the plaintiffs' designation of privileged documents.

Accordingly, Mr. Golan should not be compelled either to testify or to provide any documents in response to the Subpoena.

<u>**Response to Document Requests**</u>

See general objections. Mr. Golan further objects to the "Exhibit 1 – Documents to be Produced" to the Subpoena in its entirety, and will not produce any documents, or allow any inspection of documents, absent a final Court order requiring the production of any of the requested documents. In addition, he objects to the specific document requests, as follows:

<u>**Response to Document Request No. 1 (for documents concerning American Airlines Flight 587 litigation):**</u>

See general objections. This request is further objectionable because it seeks documents not relevant to the claims or defenses in the present litigation and not reasonably calculated to lead to the discovery of admissible evidence, and further as overly broad, harassing and unduly burdensome. Airbus, a party to the litigation, is in possession of all documents concerning the litigation. The documents filed with the Court are matters of public record, and correspondence among counsel for the parties is known to and already available to Airbus, and therefore, seeking Mr. Golan's production of any such documents is being done for an improper purpose, and is further overly broad, unduly burdensome and harassing.

**Response to Document Request No. 2 (for documents concerning crash of AAL Flight 587):**

See general objections.  Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning the crash of American Airlines Flight 587, including documents pertaining to certifications of the A-300 and its related aircraft.  Requiring Mr. Golan's production of any such documents is, therefore, for an improper purpose, overly broad, unduly burdensome and harassing.

**Response to Document Request No. 3 (for documents concerning Airbus A-300 B4-605R):**

See general objections.  Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning the Airbus A-300 B4-605R.  Requiring Mr. Golan's production of any such documents is, therefore, for an improper purpose, overly broad, unduly burdensome and harassing.

**Response to Document Request No. 4 (for documents concerning Airbus A-300 F4-605R):**

See general objections.  Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning the Airbus A-300 F4-605R.  Requiring Mr. Golan's production of any such documents is, therefore, for an improper purpose, overly broad, unduly burdensome and harassing.

**Response to Document Request No. 5 (for documents concerning certification and continuous turbulence load calculations for Airbus A-300 B4-605R and A-300 F4-605R (FedEx Model)):**

See general objections.  Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning or relating to the certification of and continuous turbulence load calculations for the Airbus

A-300 B4-605R and A-300 F4-605R (FedEx Model).  Indeed, upon information and

belief, among other documents, such documents were gathered from the files of Airbus,

in Hamburg, Germany, and transported to Airbus, in Toulouse, France, where they could

be reviewed by Airbus management, its in-house counsel and its outside counsel.  Such

documents existed at the time of the crash of American Airlines Flight 587, and further

existed at the time they were shipped from Germany to France.  To the extent Airbus'

counsel has not maintained, and produced in this litigation, those documents, that would

constitute a complete breach of Airbus' discovery obligations and counsel's ethical

obligations, which I am sure that Airbus' counsel would not countenance.  As a result, the

document request seeking these documents from a non-party has been issued for an

improper purpose, and is unduly burdensome, overly broad and harassing.

**Response to Document Request No. 6 (for documents concerning plaintiffs of plaintiffs' counsel in the litigation):**

See general objections.  Further, the document request is objectionable to the

extent it requests the production of documents relating to any of the plaintiff's counsel as

seeking documents not relevant to the claims or defenses in the present litigation and not

reasonably calculated to lead to the discovery of admissible evidence.

**Response to Document Request No. 7 (for documents concerning fee agreements, engagement letters or contracts with anyone concerning the AAF 587 litigation):**

See general objections.

**Response to Document Request No. 8 (for expert reports concerning AAF 587 litigation):**

See general objections.  Upon information and belief, the request is also

premature, as it does not appear that any time has been set for the production of expert

reports by the parties in the case.

5

**Response to Document Request No. 9 (for documents sufficient to show cases in which Mr. Golan has been retained by attorneys on Plaintiffs' Executive Committee):**

See general objections. Further, the document request is objectionable as seeking documents not relevant to the claims or defenses in the present litigation and not reasonably calculated to lead to the discovery of admissible evidence.

**Response to Document Request No. 10 (for documents provided by Mr. Golan to any person concerning AAF 587 litigation, including but not limited to FBI, CIA, NTSB, FAA and U.S. Department of Justice):**

See general objections. Further, the document request is objectionable as seeking documents that may or may not have been provided for investigations that may or may not have been conducted by the FBI, CIA, NTSB, FAA and the U.S. Department of Justice. Moreover, Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, is in possession of all documents concerning the aircraft at issue in this litigation and the crash of American Airlines Flight 587. The document request is further objectionable as seeking documents that could compromise the integrity of any such Governmental investigations.

**Response to Document Request No. 11 (for documents concerning or reflecting communications with current or former employee of Airbus and related companies):**

See general objections. Further, the document request is objectionable because Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, has had the opportunity to interview and/or depose current or former employees of Airbus, its affiliates, subsidiaries, parent companies or related companies.

6

**Response to Document Request No. 12 (for documents received from current or former employees of Airbus and related companies):**

See general objections. Further, the document request is objectionable because Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, has had the opportunity to obtain and review all documents of Airbus, its affiliates, subsidiaries, parent companies or related companies.

**Response to Document Request No. 13 (for documents that reflect telephone numbers, email addresses, or other contact details for current or former employees of Airbus and related companies):**

See general objections. Further, the document request is objectionable because Airbus, a party to the litigation and the manufacturer of the aircraft at issue in this litigation, has had the opportunity to obtain telephone numbers, email addresses, or other contact details for any and all current or former employees of Airbus, its affiliates, subsidiaries, parent companies or related companies.

              *                *                *                *

As a supplement to the General and Specific Objections stated above, Mr. Golan hereby claims the privileges and protections enumerated in the General Objections for all documents in his possession, custody or control, which can be categorized as follows:

1. Notes of Mr. Golan (hand written and typed) from conversations with client and others.

2. Memoranda from Mr. Golan to Steven R. Pounian, Chairman of the Plaintiffs' Executive Committee, dated January 21, 2003; July 30, 2003; and September 8, 2003.

3. Certain background materials collected by Mr. Golan on Airbus and the A-300 aircraft.

4. Certain materials collected and notes of Mr. Golan on counsel in the litigation.

5.   Written communications between Mr. Golan and his client (including some with hand notes of Mr. Golan).

6.   Articles in the press collected by Mr. Golan, including some on Airbus generally and some relating to the crash of AAF 587.

7.   Certain documents from the litigation, including some inter-party correspondence; legal briefs; opinions and orders; requests for production of documents; and materials concerning the Court as well as the MDL proceedings.

8.   Certain documents from the NTSB proceedings.

9.   Correspondence with Steven R. Pounian, other than the items listed in category 3, above.

10.  Certain other documents held by Mr. Golan as counsel for his client, including copies of the documents with hand notes of Mr. Golan.

The Specific Objections to the "Exhibit 1 – Documents to be Produced" to the

Subpoena incorporate by reference all of the General Objections, and certain of Specific

Objections identify further objections to the specific requests. Each has been asserted in

good faith. While, as shown above, Mr. Golan has documents responsive to certain of

the requests, he has asserted privileges and other protections under law to the production

of any documents in response to the Subpoena. Moreover, the disclosure of more

specific information pertaining to the types of documents identified above is not required

under F.R.C.P. 45(d)(2), which requires only a "description of the nature of the

documents, communications, or things not produced that is sufficient to enable the

demanding party to contest the claim," and would potentially cause disclosure of the

privileged information and, thus, is not required pursuant to Local Rule 26.2. Further, as

stated in the Specific Objections, Airbus has access to all present and former Airbus

employees, the records of Airbus, the records of this litigation, the records of the NTSB

proceedings, and personnel who have conducted investigations of the crash (as identified

8

in the Requests for Production of Documents), and therefore, the information sought from Mr. Golan is available to Airbus from other sources.  As such, for this reason as well, the privileges and protections identified in the Objections should not be overcome.

Dated:  November 30, 2006

Jeffrey W. Golan (pro se)
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Tel: (215) 963-0600

9

## Certificate of Service

I, Jeffrey W. Golan, hereby certify that on this 30th day of November, 2006, I

caused a copy of the foregoing Amended Objections of Jeffrey W. Golan to Subpoena in

a Civil Case to be served, by e-mail transmission, on counsel as follows:

Trevor R. Jefferies
**Hogan & Hartson LLP**
Pennzoil Place
711 Louisiana Street, Suite 2100
Houston, Texas 77002
Email: trjefferies@hhlaw.com

Attorneys for Airbus Industrie G.I.E.

Desmond T. Barry, Jr.
**Condon & Forsyth LLP**
7 Times Square
New York, NY 10036
Email: dbarry@condonlaw.com

Attorneys for American Airlines, Inc.

Steven R. Pounian
**Kreindler & Kreindler**
100 Park Avenue
New York, NY 10017
Email: spounian@kreindler.com

Chair of the Plaintiffs' Executive
Committee

Jeffrey W. Golan

# EXHIBIT 5

2
2
4/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x   DB-8066
                                                      :
                                                      :
                                                      :
IN RE AIR CRASH AT BELLE HARBOR,         :   02 MD 1448 (RWS)
NEW YORK ON NOVEMBER 12, 2001            :   MDL No. 1448 (RWS)
                                                      :
                                                      :   This Document Relates to: All Actions
                                                      :
                                                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AMERICAN AIRLINES' RESPONSE TO AIRBUS INDUSTRIE G.I.E.'S SECOND REQUEST FOR PRODUCTION

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure and Judge Sweet's June 19, 2002 Pre-trial Order, defendant American Airlines, Inc. ("American"), by and through its attorneys Condon & Forsyth LLP, hereby responds to Airbus' First Request For Production of Documents as follows:

**REQUEST NO. 1:**

Produce copies of any and all documents related in any way to the Airbus A-300 605R, the AAL Flight 587 accident investigation, or AAMP that you received from any source outside the document production between the parties in 02-MD-1448 (RWS), MDL No. 1448 (RWS). The term "document" as used herein is defined as writings, drawings, graphs, charts, photographs, phonorecords, other data compilations, videotapes, DVDs, notes, email, films, periodicals, including any electronic versions, translations, or drafts thereof. To the extent electronic documents are produced, this request also includes all applicable software necessary to render the electronic document into a useable form.

**RESPONSE TO REQUEST NO. 1:**

American Airlines, Inc. ("American") incorporates by reference and asserts each of its General Objections set forth in American Airlines' Response to Airbus' First Request For Production Of Documents. American objects to Airbus's request insofar as it may be construed as limiting or restricting American's right to rely upon any document or information for any purpose whatsoever, including the use of responsive documents or information as evidence at any hearing or other proceeding.

American objects to this request on the grounds that it is overbroad, unduly burdensome, and duplicative of previous requests served by Airbus and plaintiffs.

Subject to the foregoing objections and without waiving any of them, American notes that this request is duplicative because it seeks documents that have previously been requested by Airbus's First Request For Production ("Airbus's first requests"). In fact, the vast majority of Airbus's first requests seek documents related to the A300-605R model aircraft, the American Airlines Flight 587 investigation and the Advanced Aircraft Maneuvering Program ("AAMP"). American has produced all responsive, non-privileged documents in its possession, custody or control, including responsive, non-privileged documents that originated from outside sources. American will supplement its responses and produce additional documents in accordance with its obligations under the Federal Rules of Civil Procedures.

Subject to the foregoing objections and without waiving any of them, American further states that Airbus is basing its Second Request For Production on its counsel's mischaracterization of American's basis for its Motion to Compel the Production of Documents from Airbus ("motion to compel").[1] Airbus, in its opposition to the motion to compel, characterized American's premise for that motion as an attempt to obtain "all damaging documents." However, as American made clear in its moving papers and at the oral argument of the motion, American was seeking the production of all documents responsive to American's and Plaintiffs' specific document requests. With respect to the motion to compel, Judge Sweet ruled that responsive documents obtained by counsel for Airbus were not privileged and should be produced to American and plaintiffs. American has produced all responsive, non-privileged documents in the possession, custody or control of American, including responsive, non-privileged documents that originated from outside sources.

---

[1]    Plaintiffs joined in American's motion to compel. The issue was fully briefed and brought on for oral argument before Judge Robert W. Sweet on March 26, 2003.

American reserves its right to produce subsequently discovered responsive documents.

Dated: May 5, 2003

CONDON & FORSYTH LLP

By_____
Desmond T. Barry, Jr. (DB 8066)
Christopher R. Christensen. (CC 8172)
685 Third Avenue
New York, New York 10017
Tel: (212) 490-9100
Fax: (212) 370-4453

Attorneys for Defendants
AMERICAN AIRLINES, INC. AND
AMR CORPORATION

TO:     Thad T. Dameris, Esq.
        PILLSBURY WINTHROP LLP
        2 Houston Center
        909 Fannin Street – 22nd Floor
        Houston, Texas 77010
        Tel.: (713) 425-7322
        Fax: (713) 425-7373
        Attorney for Defendant AIRBUS INDUSTRIE G.I.E.

        Jacques E. Soiret, Esq.
        KIRTLAND & PACKARD LLP
        2361 Rosecrans Avenue, Fourth Floor
        El Segundo, California 90245
        (310) 536-1000
        (310) 536-8262
        Attorney for Defendant AIRBUS INDUSTRIE G.I.E.

        Blanca I. Rodriguez, Esq.
        KREINDLER & KREINDLER
        100 Park Avenue
        New York, New York 10017
        (212) 687-8181
        (212) 972-9432
        PLAINTIFFS' LIAISON COUNSEL

Steven R. Pounian, Esq.
*Chairman and Co-Lead Counsel*
KREINDLER & KREINDLER
100 Park Avenue
New York, New York 10017
(212) 687-8181
(212) 973-3477
(212) 973-9432 (Fax)
PLAINTIFFS' EXECUTIVE COMMITTEE

## AFFIDAVIT OF SERVICE BY MAIL AND FACSIMILE

STATE OF NEW YORK     )
                              ) ss.:

COUNTY OF NEW YORK   )

        Kristine Czyz, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York, and that on the 5th day of May 2003, deponent served the within **AMERICAN AIRLINES, INC.S' RESPONSE TO AIRBUS INDUSTRIE G.I.E.'S SECOND REQUEST FOR PRODUCTION** upon:

> Thad T. Dameris, Esq.
> PILLSBURY WINTHROP LLP
> 2 Houston Center
> 909 Fannin, 22nd Floor
> Houston, Texas 77010
> Tel.: (713) 425-7322
> Fax: (713) 425-7373
> Attorneys for Defendant
> AIRBUS INDUSTRIE G.I.E.
>
> Jacques E. Soiret, Esq.
> KIRTLAND & PACKARD LLP
> 2361 Rosecrans Avenue, Fourth Floor
> El Segundo, California 90245
> Tel.: (310) 536-1000
> Fax: (310) 536-8262
> Attorneys for Defendant
> AIRBUS INDUSTRIE G.I.E.

### PLAINTIFFS' EXECUTIVE COMMITTEE
(See Attachment A)

by facsimile and at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Kristine Czyz

Sworn to before me this
5th day of May, 2003

Notary Public

MILES VIGILANTE
Notary Public, State of New York
No. 01VI5080979
Certified in Kings County
Commission Expires June 30, 2003

2

## ATTACHMENT A

**LIAISON COUNSEL**

Blanca I. Rodriguez, Esq.
Kreindler & Kreindler
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 972-9432

## PLAINTIFFS' EXECUTIVE COMMITTEE:

Steven P. Pounian, Esq.
Robert Spragg, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, New York 10017
Fax: (212-972-9432)

Kenneth P. Nolan, Esq.
Speiser, Krause, Nolan & Granito
Two Grand Central Tower
140 East 45th Street
New York, New York 10017
Fax: (212-953-6483)

Michel F. Baumeister, Esq.
Douglas A. Latto, Esq.
Baumeister & Samuels, PC
One Exchange Plaza, 15th Floor
New York, New York 10006
Fax: (212-363-1346)

Nicholas Gilman, Esq.
Gilman & Associates
600 Pennsylvania Avenue SE
Washington, D.C. 20003
Fax: (212-363-1346)

Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
Nolan Law Group
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
Fax:(312-630-4011)

Jonathan C. Reiter, Esq.
The Law Firm of Broder & Reiter
350 Fifth Avenue, Suite 2811
New York, New York 10118
Fax: (212-244-2006)

Richard F. Schaden, Esq.
Schaden Katzman Lampert & McClune
11870 Airport Way
Broomfield, Colorado 80021
Fax: (303-465-3884)

Michael L. Slack, Esq.
Slack & Davis, LLP
8911 Capital of Texas Highway
Suite 2110, Building Two
Austin, Texas 78759
Fax: (512-795-8787)

3

# CONDON & FORSYTH LLP



NEW YORK
LOS ANGELES
WASHINGTON, DC

Direct Dial: (212) 894-6770
Direct Fax: (212) 894-6771
dbarry@condonlaw.com

May 5, 2003

## VIA FACSIMILE & U.S. MAIL

Thad T. Dameris, Esq.
Pillsbury Winthrop LLP
2 Houston Center
909 Fannin Street, 22nd Floor
Houston, Texas 77010

Re:    American Airlines Flight 587
       November 12, 2001
       C & F Ref: DTB/CRC/28162

Dear Thad:

Enclosed is Defendant American Airlines, Inc.'s Response To Airbus Industry G.I.E.'s Second
Request For Production.

Sincerely yours,

Desmond T. Barry, Jr.

DTB/kc

Enclosure

cc:    Jacques E. Soiret, Esq. (w/enclosure)

       Plaintiffs' Executive Committee (w/enclosure)
       (See Attachment A)

CONDON & FORSYTH LLP

**ATTACHMENT A**

**LIAISON COUNSEL**

Blanca I. Rodriguez, Esq.
Kreindler & Kreindler
100 Park Avenue, 18th Floor
New York, New York 10017
(212) 972-9432

**PLAINTIFFS' EXECUTIVE COMMITTEE:**

Steven P. Pounian, Esq.
Robert Spragg, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, New York 10017
Fax: (212-972-9432)

Kenneth P. Nolan, Esq.
Speiser, Krause, Nolan & Granito
Two Grand Central Tower
140 East 45th Street
New York, New York 10017
Fax: (212-953-6483)

Michel F. Baumeister, Esq.
Douglas A. Latto, Esq.
Baumeister & Samuels, PC
One Exchange Plaza, 15th Floor
New York, New York 10006
Fax: (212-363-1346)

Nicholas Gilman, Esq.
Gilman & Associates
600 Pennsylvania Avenue SE
Washington, D.C. 20003
Fax: (212-363-1346)

Donald J. Nolan, Esq.
Floyd A. Wisner, Esq.
Nolan Law Group
20 North Clark Street, 30th Floor
Chicago, Illinois 60602
Fax:(312-630-4011)

Jonathan C. Reiter, Esq.
The Law Firm of Broder & Reiter
350 Fifth Avenue, Suite 2811
New York, New York 10118
Fax: (212-244-2006)

Richard F. Schaden, Esq.
Schaden Katzman Lampert & McClune
11870 Airport Way
Broomfield, Colorado 80021
Fax: (303-465-3884)

Michael L. Slack, Esq.
Slack & Davis, LLP
8911 Capital of Texas Highway
Suite 2110, Building Two
Austin, Texas 78759
Fax: (512-795-8787)

2